UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| Kurt L. Gordon,<br><br>Plaintiff,<br><br>v.<br><br>Reserve National Insurance Company and William Linton,<br><br>Defendants. | No. 12–CV–63–ABJ |

OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RELIEF

Kurt Gordon bought a health insurance policy containing an arbitration agreement from William Linton. Reserve National Insurance Company underwrote and issued the policy. After Reserve National denied coverage for medical expenses related to Mr. Gordon's emergency bypass surgery, Mr. Gordon sued Mr. Linton and Reserve National. In a previous order, this Court stayed this action and compelled the parties to mediation/arbitration under the policy's arbitration agreement and the Federal Arbitration Act. Mr. Gordon has now filed a motion asking for relief from that order and for permission to pursue his claims against Mr. Linton and Reserve National in this Court. The Court DENIES Mr. Gordon's motion.

## FACTS

Kurt Gordon bought a health insurance policy from William Linton that was underwritten and issued by Reserve National Insurance Company. Before buying the policy, Mr. Linton allegedly told Mr. Gordon that the policy would cover medical expenses related to Mr. Gordon's heart. The policy contained an arbitration agreement stating that if a dispute arose under the policy between Mr. Gordon and Reserve National it would be resolved through mediation or binding arbitration if the mediation failed.

The arbitration agreement provides that either party may request mediation or arbitration. In the event of mediation, it states that Reserve National is wholly responsible for the cost of the mediator and any experts the mediator consults. In the event of arbitration, the agreement contains the following provisions:

- Either party may request arbitration.

- The arbitration will be administered by the American Arbitration Association (AAA).

- The arbitration must take place no further from Mr. Gordon's residence than the nearest United States District Court.

- Each party bears its own expenses of arbitration, each party is bound by the AAA's rules and procedures, and each party is responsible for half the arbiter's fee.

- Unless a prevailing-party statute applies, each party bears its own attorney's fees.

- Each party is bound by the arbiter's decision.

After purchasing the policy, Mr. Gordon suffered symptoms of heart failure and underwent emergency bypass surgery. His healthcare providers submitted claims to Reserve National based on his hospital stay and charges associated with the surgery, but Reserve National denied those claims on the ground that they weren't covered by the policy. Mr. Gordon then sued Mr. Linton and Reserve National, alleging Reserve National had wrongfully denied coverage and asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and fraud.

Defendants then filed a motion asking the Court to stay this action and compel mediation/arbitration under the policy's arbitration agreement and the Federal Arbitration Act. Mr. Gordon opposed Defendants' motion on the ground that the arbitration agreement was unenforceable because the entire policy was the result of fraud and thus void under Wyoming law.

This Court granted Defendants' motion. The Court took its major premise from the Supreme Court's decision in *Buckeye Check Cashing, Inc. v. Cardegna*, where the Court held that a challenge to the validity of a contract containing an arbitration agreement goes to the arbitrator unless the challenge is to the arbitration agreement itself and not the contract as a whole. 546 U.S. 440, 445–46 (2006). Because Mr. Gordon challenged the validity of the policy generally and not its arbitration agreement specifically, this Court applied *Cardegna*'s holding, stayed this action, and ordered Mr. Gordon to mediate/arbitrate his claims against Mr. Linton and Reserve National.

The parties attended a mediation conference a few months later. Although the mediation proved unsuccessful, Mr. Gordon learned during the course of the media-

tion that Mr. Linton wasn't an employee of Reserve National when he sold the policy to Mr. Gordon—he was an independent contractor.

About a month later, Mr. Gordon submitted his claims to the AAA for arbitration. The AAA then sent a letter to defense counsel informing them of its determination that the arbitration agreement deviated from the AAA's due process protocol and procedural rules by requiring each party to pay half the arbiter's fee. The AAA's rules require Mr. Gordon to pay only a $200 filing fee; they require Reserve National to pay the arbiter's entire fee ($1500 per hearing day).

Mr. Gordon then filed this motion under Federal Rule of Civil Procedure 60(b) requesting relief from the order compelling arbitration. He argues that new evidence shows Mr. Linton was an independent contractor when he sold the policy to Mr. Gordon such that Mr. Linton was not a party to the policy or its arbitration agreement. As a result, Mr. Gordon contends his claims against Mr. Linton aren't subject to arbitration. He also argues that the AAA letter constitutes new evidence demonstrating that the arbitration agreement itself is unconscionable and thus unenforceable under Wyoming law.

Defendants filed a response brief opposing Mr. Gordon's motion. They argue Mr. Gordon's motion is procedurally improper and that his claims against Mr. Linton are indeed subject to the arbitration agreement. They also argue Mr. Gordon's unconscionability claim lacks merit.

The Court held a hearing on Mr. Gordon's motion, and at that hearing Mr. Gordon raised a new argument. He argued that defense counsel violated the Court's local rules by disclosing in Defendants' response brief certain communications that occurred during the mediation confer-

ence. As a sanction for that alleged violation, Mr. Gordon requested the Court deem his motion confessed, enter an order vacating the previous order, and allow this action to proceed here rather than in arbitration. Because Mr. Gordon raised this argument at the hearing, neither the Court nor Defendants were prepared to respond to it, so the Court ordered supplemental briefing on the issue.

Having now received that briefing, the Court will discuss that issue first. Second, the Court will discuss Defendants' contention that Mr. Gordon's motion is procedurally improper. Third, it will discuss Mr. Gordon's contention that his claims against Mr. Linton are not subject to arbitration. And finally, the Court will discuss whether the arbitration agreement is unconscionable and thus unenforceable under Wyoming law. A brief conclusion follows.

## DISCUSSION

The Court's local rules generally prohibit disclosing communications related to negotiations made during a settlement conference. Local Rule 16.3(c)(2)(ii). Mr. Gordon contends defense counsel violated this rule by disclosing in Defendants' response brief certain communications that occurred during the mediation conference. As a sanction for that alleged violation, Mr. Gordon requests that the Court deem his motion confessed.

Whether defense counsel violated Local Rule 16.3 is a close question, but ultimately one the Court need not resolve. That's so because regardless of whether defense counsel violated Local Rule 16.3, defense counsel's disclosures amounted to an ad hominem attack on opposing counsel, clearly violative of the Court's rules governing litigation conduct. *See* Local Rule 83.12.1(a). But while violation of those rules is sanctionable, *see* Local Rule 83.12.1(c), the Court believes deeming Mr. Gordon's mo-

tion confessed would be an unduly harsh sanction. The following seems more appropriate: Defendants' lawyers are admonished for violating the Court's rules, and any future violations might result in more severe sanctions.

Having duly chastened defense counsel, the Court now turns to Defendants' argument that Mr. Gordon's motion is procedurally improper. Mr. Gordon filed his motion under Rule 60(b), which applies only to relief from "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Here, because the Court's previous order is not final, Defendants argue Rule 60(b) is inapplicable and ask the Court to deny Mr. Gordon's motion on that ground.

Although Defendants are correct that Rule 60(b) doesn't apply, Mr. Gordon's motion is for all intents and purposes a motion for reconsideration, and the Court will treat it as such. Denying Mr. Gordon's motion on this procedural technicality would do little more than require him to designate his motion as one for reconsideration and file it as such.

Even though the Court thus cuts Mr. Gordon some slack by treating his motion as one for reconsideration, he still faces an uphill battle given the standard of review for such motions. Whether to grant a motion for reconsideration is within the district court's discretion. *See Monge v. RG Petro-Machinery Group Co.*, 701 F.3d 598, 610 (10th Cir. 2012). But such relief is warranted only in highly unusual circumstances. *See Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012). A court should not grant a motion for reconsideration if the motion asks the court to revisit issues already addressed or advances arguments that could have been raised in a prior briefing. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds for granting a motion for reconsideration include "(1) an interven-

ing change in the law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Monge*, 701 F.3d at 611. If the motion is based on new evidence, the party seeking reconsideration must show either the new evidence did not exist until after the court's order or, if the evidence did exist before the court's order, counsel made a diligent yet unsuccessful attempt to discover that evidence. *See id.*

With these principles in mind, the Court turns to their application here.

Mr. Gordon's first argument is that during the mediation conference new evidence came to light showing that Mr. Linton wasn't a Reserve National employee when he sold the policy to Mr. Gordon. Because he wasn't an employee, Mr. Gordon contends Mr. Linton was never a party to the arbitration agreement, so Mr. Gordon's claims against him are not subject to arbitration. Mr. Gordon thus requests that the Court relieve him of the order compelling him to arbitrate his claims against Mr. Linton.

The Court denies that request because Mr. Gordon has failed to demonstrate that such relief is warranted on the basis of new evidence. Recall that a party seeking reconsideration on the basis of new evidence must show either the new evidence did not exist until after the court's order or, if the evidence did exist before the court's order, counsel made a diligent yet unsuccessful attempt to discover that evidence. *Monge*, 701 F.3d at 611. Here, the nature of Mr. Linton's relationship to Reserve National could have been discovered before the Court's previous order, so Mr. Gordon must show that counsel made a diligent yet unsuccessful attempt to uncover the nature of that relationship before the Court issued the order. Yet Mr. Gordon's motion doesn't even make an allegation to that effect. He thus has failed to demonstrate that relief from the order

with respect to his claims against Mr. Linton is warranted on the basis of new evidence.

Mr. Gordon's second argument is that, regardless of whether it applies to Mr. Linton, the arbitration agreement itself is unconscionable and thus unenforceable under Wyoming law. That's so, according to Mr. Gordon, for three reasons. First, new evidence (i.e., the AAA's determination that the arbitration agreement deviates from its rules) demonstrates the agreement's unconscionability. Second, the agreement is illusory. And third, the agreement's fee-splitting provision imposes an unconscionable financial burden on Mr. Gordon.

As an initial matter, the Court won't consider Mr. Gordon's second and third reasons. The Tenth Circuit has instructed district courts not to grant a motion for reconsideration on the basis of arguments that could have been raised in a prior briefing. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, Mr. Gordon could have argued that the arbitration agreement is illusory and imposes an unfair financial burden in his brief opposing Defendants' motion to compel arbitration. Because he failed to do so, he has waived those arguments here.

That leaves Mr. Gordon's argument that the arbitration agreement is unconscionable as evidenced by its deviation from the AAA's rules. The Court rejects this argument because the arbitration agreement is not unconscionable under Wyoming law.

The Supreme Court has held that the generally applicable state-law contract defense of unconscionability may be applied to invalidate an arbitration agreement. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). This Court thus looks to Wyoming's treatment of unconsciona-

bility to determine whether the arbitration agreement is unenforceable on that ground.

For its part, the Wyoming Supreme Court has held that "the question of unconscionability is one of law for the court." *Roussalis v. Wyo. Med. Ctr., Inc.*, 4 P.3d 209, 245 (Wyo. 2000). It also has said that it approaches claims of unconscionability "cautiously" because it does not "lightly interfere with the freedom of contract." *Pittard v. Great Lakes Aviation*, 156 P.3d 964, 974 (Wyo. 2007). In *Pittard*, the court laid out the analytical framework for judging unconscionability claims:

> In deciding whether a contract is unconscionable, we consider the claim from two perspectives. First, we consider whether the contract provisions unreasonably favor one party over the other. Second, we consider whether the latter party lacked a meaningful choice in entering into the contract. The first perspective concerns the contract's substantive unconscionability. The second concerns its procedural unconscionability.

*Id.* A contract must be both substantively and procedurally unconscionable for it to be unenforceable. *Id.*

Applying *Pittard*, and even assuming the arbitration agreement is procedurally unconscionable, it's not substantively unconscionable because its terms do not unreasonably favor Reserve National. Most of its terms treat both parties equally. For example, the agreement provides that either party may request mediation or arbitration. In the event of arbitration, each party bears its own expenses, is bound by the AAA's rules and procedures, and pays half the arbiter's fee. Unless a prevailing-party statute applies, each party bears its own attorney's fees. And each party is bound by the arbiter's decision.

That the agreement deviates from the AAA's rules doesn't command a different result. The AAA itself acknowledges that its determination that the agreement deviates from the AAA's rules "is not an opinion on whether the arbitration agreement . . . is legally enforceable." Pl.'s Mot. Ex. 2 at 1, ECF No. 23-1. And even conceding the deviation constitutes some evidence of substantive unconscionability, the Court does not believe the agreement's terms are so one-sided in favor of Reserve National that the agreement reaches the level of unconscionability.

Indeed, to the extent the arbitration agreement favors one party, it tends to favor Mr. Gordon. It provides that Reserve National is wholly responsible for the cost of mediation and any experts the mediator consults. In other words, Reserve National foots the bill for mediation. Further, the agreement states that arbitration must take place no further from Mr. Gordon's residence than the nearest United States District Court. In other words, Reserve National must travel to Mr. Gordon for the arbitration.

To sum up, the Court rejects Mr. Gordon's contention that the arbitration agreement is unconscionable and thus unenforceable under Wyoming law. It therefore persists in its previous order compelling Mr. Gordon to arbitrate his claims against Mr. Linton and Reserve National.

## CONCLUSION

The Court DENIES Mr. Gordon's motion for relief from the Court's previous order with respect to his claims against Mr. Linton because he has failed to demonstrate that such relief is warranted on the basis of new evidence. The Court also DENIES Mr. Gordon's motion for relief on the ground of unconscionability because the insurance policy's arbitration agreement is not unconscionable under Wyoming law.

Dated this 10th day of August, 2013.

*[signature]*
Alan B. Johnson
United States District Judge